STATE EX REL. KEELER, PROS. ATTY., v. LEE H. WAGAR.

1. RIGHT OF ELECTOR TO HOLD THE OFFICE TO WHICH HE IS ELECTED.
   One who is an elector is entitled to hold the office to which he is elected, unless there is a provision of the statute forbidding him to hold the office.
2. "MEMBER OF COUNCIL," CONSTRUED TO INCLUDE "TRUSTEES OF HAMLET."
   Where required by necessity, the term "member of council," when used in the statutes, may be construed to mean and include "trustees of the hamlet."
3. CONSTRUCTIONS OF "MEMBER OF COUNCIL," AS USED IN SEC. 1717, REV. STAT.
   The term "member of council," as used in sec. 1717, Rev. Stat., which forbids members of the council from holding other offices, cannot be construed to mean "trustees of hamlet," and such trustees are not precluded from acting as members of the board of education.
4. WHEN COURT WILL DISMISS PETITION AFTER SUSTAINING DEMURRER.
   Where a demurrer to a petition is sustained and no further pleading can be filed which will help the case, the court will upon sustaining the demurrer, dismiss the petition.

PROCEEDINGS IN QUO WARRANTO.

MARVIN, J.

The case, The State of Ohio, ex rel. Harvey Keeler, v. Lee H. Wagar, is a proceeding in *quo warranto*, in which the petition shows that there is a hamlet of Rocky River in the township of Rockport, in this county. That co-extensive with the hamlet in boundaries, is special school district of Rocky River. That Lee H. Wagar was, in 1896, elected as a trustee for said hamlet for the period of three years next ensuing. That in April, 1897, the same Lee H. Wagar, the defendant in this action, was elected as a member of the school board, he being still one of the trustees of the hamlet, having been regularly qualified and engaged in the performance of his duty: That in 1897 he was elected one of the school board of the special school district of Rocky River. And this proceeding is for the purpose of ousting the defendant from the position of a member of the school board.

The statute relied upon in the petition, is sec. 1717, Rev. Stat. This is under the title, "Officers of Cities and Villages." The clause of this statute, relied upon, reads: "And no member of council shall be eligible to any other office, or to a position on any board provided for in this

title, or created by law, or ordinance of council, except as provided in the seventh division of this title."

If the defendant were a member of the village council and had been elected to the office of a member of the board of education of that same village, it would seem clear, from the language of this section, that he could not, as such member of the school board, act. And the circuit court of Clark county, in 1897, held, in the case of State ex rel. Frank S. Monnett, Atty. Gen., v. James C. McMillan, 8 Ohio Circ. Dec., 380, that one could not, while a member of a village council, hold a position as a member of the board of education of a special school district, where the village was wholly within the boundaries of the special school district. And we are inclined to think that that holding was right, although the special school district and the hamlet in case, are not one and the same; the boundaries are co-extensive.

If, then, the statute is to be construed as though the words "member of council" included the trustees of a hamlet, then the defendant should be ousted from his position as a member of the school board.

In the case of In re Annexation of Territory to Newberg, 8 Ohio Circ. Dec., 24, we held that in a statute, then under consideration, the words, "member of the council," or that the word, "council," as applied in that statute, included "trustees" of a hamlet. And, in that opinion, attention was called to quite a number of sections of the statute, where, as we urged, the trustees must be included within the term, "members of council," and that that resulted from the necessity of the case.

Among the statutes, to which attention was called in that opinion, was the statute which provides how telegraph poles and telephone poles may be erected within the municipal corporation; the statute providing that they can only be erected by consent of the council, and, unless the word "council" in that statute included "trustees of the hamlet," there could be no such thing as placing poles; for in no corporation could they be erected except by consent of council, and, in the statutes, the statute includes "trustees of hamlet." So as to each of the statutes construed in that case. We said that was from necessity. The statute, of necessity, must have meant to include the trustees of the hamlet, when it used the word "council," and that, to allow certain improvements to go on, they would be absolutely prohibited in the hamlet if the word "council" did not include the legislative body of the hamlet.

But, here is a case restricting the right of an elector. One who is an elector, is entitled to hold office to which he is elected, unless the statute forbids.

There must be a provision of the statute forbidding his holding the office. The language is "No member of the council." We know of no reason why one may not perform the proper duties of the "trustee of a hamlet" and of "the member of a board of education" at the same time. And, since the terms of the statute do not prohibit his pursuing the two, we sustain the demurrer to the petition, and, supposing that no further pleading can be filed that will help the case, the petition will be dismissed.

*Harvey Keeler,* for plaintiff.

*P. H. Kaiser,* for defendant.